IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAM CONNER,**

    **Plaintiff,**

**v.**

**FORD MOTOR COMPANY,**

    **Defendant.**                        No. 12-cv-861-DRH-PMF

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

    Pending before the Court is plaintiff Pam Conner's motion for leave to file first amended complaint (Doc. 15) and defendant Ford Motor Company's previously filed motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 11). As the Court **GRANTS** Conner's motion for leave to amend, Ford's motion to dismiss is **DENIED as moot**.

    Relevant to the matters instantly before the Court, Conner, along with Frank Muegge, filed a six count complaint in St. Clair County, Illinois, against Ford, on January 3, 2007. Conner and Muegge alleged claims against Ford for violations of the Uniform Commercial Code, as well as claims sounding in negligence and strict liability, arising from an August 15, 2006 car accident (07-cv-122-DRH, Doc. 2-1). Ford removed to this Court on February 14, 2007. On February 14, 2012, the Court granted Conner's motion for voluntarily dismissal without prejudice (07-cv-122-DRH, Doc. 247). At the time of Conner's dismissal, the plaintiffs' third amended complaint, alleging claims against Ford sounding in

strict liability, served as the controlling amended pleading (07-cv-122-DRH, Doc. 91).

On July 31, 2012, Conner filed the instant action in this Court pursuant to 735 ILCS 5/13-217, the Illinois savings statute, arising from the same car accident as her previously dismissed action. Conner's complaint alleges two counts both sounding in negligence. However, Conner's Count II also alleges willful and wanton conduct by Ford. Due to alleged discrepancies in Conner's voluntarily dismissed third amended complaint and her instantly filed complaint, Ford filed a motion to dismiss pursuant to Rule 12(b)(6) on August 29, 2012 (Doc. 11). Ford alleges that the Illinois savings statute only allows for the refiling of an action "identical" to the one voluntarily dismissed and that Conner's instant complaint does not meet this requirement.

On September 10, 2012, Conner filed a motion for leave to file an amended complaint, seeking to add a claim sounding in strict liability (Doc. 15). Accordingly, the Court must first resolve whether it is proper to allow Conner to amend her complaint as, "[w]hen an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey,* 515 F.3d 780 (7th Cir. 2007). Thus, Ford's previously filed motion to dismiss Conner's initial complaint would be rendered moot.

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes leave should be freely given when justice

requires. Further, Rule 15(c)(1)(B) states than an amended pleading relates back to the date of the original pleading when, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--- or attempted to be set out--- in the original pleading." Instantly, Conner seeks to amend her pleading to add an additional claim sounding in strict liability. Ford has had notice of Conner's claims sounding in both negligence and strict liability arising from the exact conduct, transaction, or occurrence at issue since January of 2007. Thus, Conner's instant motion for leave to file her amended complaint is **GRANTED** (Doc. 15). Conner shall file her amended complaint instanter.

Therefore, Ford's previously filed motion to dismiss in reliance on the Illinois savings statute is **DENIED as moot without prejudice** (Doc. 11). Accordingly, upon reviewing the allegations of Conner's amended complaint, should Ford feel the Illinois savings statute calls for this action's dismissal, Ford is granted leave to renew its arguments.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.03 14:16:49 -05'00'

**Chief Judge**
**United States District Court**